T.C. Memo. 1999-330


UNITED STATES TAX COURT


STEVEN AND JEAN L. LIDDANE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

STEVEN J. LIDDANE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 3181-98, 3182-98.          Filed October 1, 1999.


Steven J. and Jean L. Liddane, pro se.

Gerald W. Douglas, for respondent.


MEMORANDUM OPINION

COHEN, Chief Judge:  Respondent determined deficiencies, additions to tax, and an accuracy-related penalty in petitioners' Federal income taxes as follows:

| Year | Deficiency | Additions to Tax and Penalty, I.R.C. | | |
|------|-----------|---------------|---------|---------|
| | | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(c) |

Steven and Jean L. Liddane

| 1993 | $ 9,854 | $ 667 | $ 78 | $ 533 |
| 1994 | 9,333 | 2,333 | 480 | 1,867 |

Steven J. Liddane

| 1995 | $14,690 | $3,673 | $797 | -- |

All section references are to the Internal Revenue Code in effect for the years in issue. All of the facts have been stipulated, and these cases were submitted for decisions pursuant to Rule 122, Tax Court Rules of Practice and Procedure.

Petitioners resided in Oregon at the time that they filed their petitions. During the years in issue, petitioner Steven J. Liddane was employed by Transaero, Inc. Steven J. Liddane received wages from his employment with Transaero, Inc., in the amounts of $63,112 in 1993, $62,216 in 1994, and $65,900 in 1995. Petitioners received $33 in interest income from Midlantic National Bank in 1993.

Petitioners did not file timely Federal income tax returns for 1993, 1994, or 1995. Petitioners filed joint Forms 1040 for 1993 and 1994 no earlier than September 1995. No return was filed for 1995. On the untimely Forms 1040 for 1993 and 1994, petitioners inserted zeros in each line for income, deductions, credits, and calculation of tax owing. They did not report on

those returns the wage income or interest income received during 1993 or 1994.

Petitioners had a prior case before this Court, docket No. 15738-96, involving their tax liability for 1992. In Liddane v. Commissioner, T.C. Memo. 1998-259, filed July 14, 1998, the Court rejected petitioners' frivolous arguments that they were not liable for Federal income tax and imposed a penalty of $2,500 under section 6673.

These cases were submitted on February 1, 1999, and respondent moved for a penalty under section 6673 in the amount of $10,000, citing petitioners' prior case and pointing out that petitioners are raising and asserting here the same frivolous arguments for nonpayment of taxes that were rejected in the prior case. Nonetheless, petitioners filed a brief in which they reasserted the same partially incomprehensible but thoroughly frivolous arguments that they are not liable for Federal income taxes on the income that petitioners received in 1993, 1994, and 1995. They argue that income taxes are voluntary, that wages are not taxable, and that the statutory notices are invalid for failure to cite legal authority imposing income taxes on petitioners.

Petitioners' various arguments were addressed in T.C. Memo. 1998-259, and there is no reason to repeat that analysis here. Petitioners have stipulated the amounts of their interest income

and of wage income received for Steven J. Liddane's services during the years in issue, and they have raised no dispute as to the computation of the tax on that income. Petitioners have provided no reason why the additions to tax and accuracy-related penalty should not be imposed. Because petitioners have pursued the same frivolous claims in the face of the Court's prior opinion, and for the reasons set forth in T.C. Memo. 1998-259, a penalty under section 6673 in the amount of $10,000 in each docketed case will be awarded.

Appropriate orders and decisions will be entered.